Elliott, District Judge,
charged the jury in substance as follows :
Gentlemen—In this case, the plaintiff claims that he is the owner of two certain horses, described in his complaint, and that he is entitled to the possession of the same. The important questions for you to determine upon this trial are as follows:
First—Who is the owner of the property in controversy?
Second—Who was entitled to the possession of the same at the time of the commencement of this action ?
Third—If you find that the plaintiff is the owner of the prop *74 erty in controversy, and that he was also entitled to the possession of the same at the time of the commencement of this action, then what is the value of the said property, and what damages is the plaintiff entitled to recover by reason of the detention of said property from him by the defendants?
As to the first question above stated, the Court charges you that the defendants have not produced sufficient evidence to show that either the defendant Hartman or the defendant Hall has acquired title or ownership to said property under the estray law. So that, if you find from the evidence that the plaintiff was the owner of said property prior to the time when he testifies that he lost the same, and prior to the time when the same came into the possession of the defendants, then you are fully warranted in finding that the plaintiff is the owner of the property in controversy.
As to the second question above stated, if you find that the plaintiff is the owner of the property in controversy, then you should also find that he was entitled to the possession of the same at the commencement of this action, unless you should further find from the evidence that the defendants, or one of them, have shown a right to the possession of the same under the estray law of this State; for, notwithstanding the defendants have failed to show title or ownership in said property under the estray law, yet, if the evidence shows that they are entitled to the possession of the property as estrays, your verdict may be in favor of the defendants upon the second question, as above stated—that is, the question of the right of possession of the property.
(Special instructions asked and given.)
An estray is an animal found running at large, the owner of which is unknown. At the time it is alleged that the defendant Hartman took up the animals in question, it was lawful for said animals to run at large in the State of Colorado. But the jury are not to understand from this instruction that it was necessarily unlawful for such animals to be taken up and kept as estrays, if such taking up and keeping were done in good faith and in compliance with the estray law, as the same will be hereafter explained.
If the jury believe from the evidence that the animals in question were estrays, and were found by defendant Hartman on the *75 14th day of July, 1879, or by some one in his employ, and were taken up as estrays by said Hartman in good faith, and in accordance with statutes regulating estrays, and that he properly described and advertised them, and that said Hartman thereafter took charge of said animals and kept them in good faith as estrays, and that the plaintiff, at no time after the taking up, notified Hartman of any time and place when and where he would, before some magistrate, judge or justice of the peace, prove his right to the property, and procure an order for its delivery, upon paying charges therefor, and that said Hartman was not fully satisfied that said animals were the property of plaintiff, then the plaintiff is not entitled to recover in this action, and your verdict on the question of the right of possession, that the plaintiff is not entitled to the possession of the property in controversy.
If you should find the facts to exist according to this instruction, the defendants will be entitled to a verdict for the possession of such animal, or animals, as were taken up and kept in good faith under the estray law, for the reason,, that the estray law provides that the owner shall not be entitled to the possession until he notifies the taker up when and where to appear before some magistrate, and until the owner shall there prove his right to the property, and procure the magistrate’s order for the delivery of the same to him upon his paying the proper costs and charges of the taking up and keeping. The owner is bound to do this, when the taking up and keeping are done in good faith, and in full compliance with the law; but not otherwise.
If you believe from the evidence that the defendant Harttnan, after he had made reasonable efforts to ascertain the owner, and after the lapse of five or six weeks, in order to save expense of keeping, began to work them moderately, and that such working resulted in no injury beyond a slight bruise, such working was. no such bad faith or impropriety as to defeat his right to hold the animals as estrays until they were claimed and proved as by law provided, unless he was guilty of some act or deceit, or some conduct which tended to prevent the owner from finding and reclaiming the animals.
If you find from the evidence that the brand upon the mare in question was plain to be seen at the time she was taken up by the defendant Hartman, and that, in the written description of the mare in the notices introduced in evidence by defendants, the *76 brand was not described as it then appeared, then the taking and possession by the defendants is not justified, and the plaintiff, if the owner, will be entitled to a verdict both as to the ownership and possession of said mare.
The jury are instructed, that if they find from the evidence that the defendant Hartman, after taking said animals, and, prior to the alleged sale of them, attempted to conceal them, so that the owner should not discover them, then he was a trespasser from the beginning, and the possession of said animals by defendants is fraudulent and unlawful as against the owner, and if you are also satisfied from the evidence that plaintiff is the owner of said animals, your verdict should be for the plaintiff, both as to the ownership and the right of possession of said animals.
If the jury believe from the evidence that Hartman did not take up said animals in controversy in good faith to herd and take charge of them, and that his intention was, under pretense of taking charge of the same as estrays, to convert the same to his own use, under color of the statute relating to estrays, and that he did so use the same previous to said sale, in the course of his business, with a view to prevent the owner from finding them, then his possession of said animals was wrongful, and he was a trespasser from the beginning as against the true owner.
If you find for the plaintiff, both as to the ownership and right of possession of said animals, or either of them, it will then become your duty to consider and assess the plaintiff damages for the unlawful detention of said property by the defendants. The measure of plaintiff’s damages will be the reasonable worth or value of the use of the horses from the time of the taking to the present time.
If you find from the evidence that the horses have decreased in value by reason of the misuse of them by the defendants, then you may also add such decrease in value to the amount of said damages.
And if you find from the evidence that said animals were not taken up in good faith as estrays, and so kept by them, but that the same were taken up by said Hartman and kept with intent to convert the same to his own use, without complying in good faith with the estray law before explained^, then you may add to said damages whatever expense you may find from the evidence the plaintiff reasonably incurred in searching for said animals. *77 and such other sums as, upon a fair consideration of the whole evidence, you may consider a reasonable penalty or punishment for such wrongful taking and keeping of said animals.
A. W. Brazee, attorney for plaintiff.
A. C. Phelps & E. B. Sleeth, attorneys for defendants.
But you should be fully satisfied of the fraudulent intent of said Hartman before allowing any damages as a penalty, and such damages must not, in any event, be excessive, nor should you be governed by any passion or prejudice in assessing the same. In courts of justice, reason and good judgment must always control.
If you find from the evidence that both the right of property and right of possession as to both horses are in the plaintiff, then your verdict will be a general one to that effect in favor of the plaintiff, both in form and substance. So, too, if you should find that the right of possession to both of the horses was not in the plaintiff, but rather in the defendants, by reason of their having acquired right of possession thereof under the estray law, then your verdict will be a general verdict as to the right of possession to both animals in the defendants.
But if you should find from the evidence that defendants had acquired a right of possession to one of said animals under the estray law, by complying with its terms in good faitth, but had not so acquired a right to possession to the other animal under the estray law, by reason of non-compliance in some particular, or particulars, then you will have to sever in your verdict as to the right of possession, finding a right of possession in the plaintiff as to one of the animals, and the right of possession in the defendants as to the other of said animals.
So that, in giving you several forms of verdict for your use, the Court will leave a blank space, in which you will insert the description of the animals as “ bay horse,” “sorrel mare,” one or the other, or both, as you shall find from the evidence.
In any event, if you believe the plaintiff’s evidence, you will find that he is the owner of the property.
(The jury returned a verdict in favor of the plaintiff as to the right of property, but in favor of the defendants as to the right of possession.)